IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 11, 2004

## STATE OF TENNESSEE  v.  ANTHONY CHARLES HENDERSON

**Direct Appeal from the Circuit Court for White County**
**No. CR762, CR730     Leon Burns, Jr., Judge**

---

### No. M2003-02145-CCA-R3-CD - Filed June 25, 2004

---

On August 1, 2001, Defendant, Anthony Charles Henderson, entered guilty pleas to two counts of sale of cocaine in an amount less than .5 grams, a Class C felony. *See* Tenn. Code Ann. § 39-17-417. Defendant received concurrent sentences of five years for his convictions with ninety days to be served in confinement and the remainder to be served on supervised probation. Defendant was also ordered to pay $2,000 in fines. On July 24, 2002, a violation of probation warrant was issued. Following an evidentiary hearing, the trial court found that Defendant violated the conditions of his probation and ordered Defendant to serve his original sentences in confinement. Defendant appeals the trial court's revocation of probation, arguing that there was no substantial evidence to support the revocation. Defendant also argues that the sentences imposed following the revocation were excessive. After reviewing the record on appeal, we conclude that the trial court did not abuse its discretion in revoking Defendant's probation and ordering Defendant to serve his original sentences in confinement.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

David Brady, District Public Defender; and John B. Nisbet, III, Assistant District Public Defender, for the Appellant, Anthony Charles Henderson.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; William E. Gibson, District Attorney General; John Moore, Assistant District Attorney General; and William Locke, Assistant District Attorney General, for the Appellee, the State of Tennessee.

### OPINION

The probation violation warrant, issued July 24, 2002, alleged that Defendant violated the conditions of his probation by failing to report on July 11, 2002; being delinquent in the payment of

his probation fees from November, 2001, through July, 2002; failing to pay fines and court costs as ordered; and failing to complete community service work as ordered.

At the July 28, 2003, probation revocation hearing, Chet Darby, of the Tennessee Department of Probation and Parole, testified that Defendant failed to report on July 11, 2002. After Defendant failed to report on July 11, 2002, Mr. Darby attempted to contact Defendant, but he was unable to locate Defendant. Mr. Darby testified that Defendant reported again on August 27, 2002. At that meeting, Mr. Darby advised Defendant that a probation violation warrant had been issued. Mr. Darby testified that he had no contact with Defendant following the August 27, 2002, meeting. Mr. Darby testified that Defendant was ordered to perform 100 hours of community service work, and he had completed only fifty at the time of the probation violation warrant.

Defendant did not testify at the revocation hearing. At the conclusion of the hearing, the trial court revoked Defendant's probation and ordered Defendant to serve his original sentences incarcerated.

## Standard of Review

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310, 311(e). The decision to revoke probation rests within the sound discretion of the trial court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation and a community corrections sentence is subject to an abuse of discretion standard of review, rather than a *de novo* standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of probation or community corrections sentence has occurred. *Id.*; *State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). Proof of a violation need not be established beyond a reasonable doubt, and the evidence need only show that the trial judge exercised a conscientious and intelligent judgment, rather than acting arbitrarily. *Gregory*, 946 S.W.2d at 832; *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

Defendant argues that there is no substantial evidence to support the trial court's conclusion that Defendant violated the conditions of his probation. Defendant concedes, however, that he missed an appointment with his probation officer in July, 2002. Mr. Darby, Defendant's probation officer, testified that Defendant failed to report on July 11, 2002. This is sufficient for the trial court to conclude that Defendant violated the conditions of probation. The trial court clearly based its decision to revoke probation on Defendant's failure to report, stating, "It's for failing to appear in July, and he didn't appear in July. And he didn't have – he has no explanation for not reporting in July." Mr. Darby also testified that Defendant was delinquent in the payment of his fines and court costs. We are unable to conclude that no substantial evidence exists to support the trial court's revocation of probation.

Defendant asserts that the trial court abused its discretion in revoking Defendant's probation because the trial court based its ruling in part on Defendant's decision not to testify. This abuse of discretion, Defendant argues, is evidenced by the trial court's emphasis on Defendant's decision not to testify at the revocation hearing. At the conclusion of the hearing, the trial court ruled as follows:

[Trial court]: Well, what – I don't know what Mr. Henderson is hiding, but if he's not willing to tell me that he can do better, then I think clearly, if he didn't report since August, he has not complied with his conditions of probation, for not reporting.

[Defense counsel]: That's not currently before you.

[Trial court]: It's for failing to appear in July, and he didn't appear in July. And he didn't have – he has no explanation for not reporting in July. So, he's not poor, that didn't cause him not to report. He just hasn't been reporting.

[Defense counsel]: He didn't report one time.

[Trial court]: Okay. Well, all I know to do with him is revoke him to serve his sentence. I think there is some burden on the part of the defendant to comply with the conditions, and he has not complied with those conditions, nor has he made some reasonable effort to explain why he could not have complied. Clearly, he has not complied, so, therefore, he's revoked to serve his sentence.

At the revocation hearing, defense counsel requested leniency from the trial court, and the trial court responded, "any leniencies that might be considered would have to come as a result of [Defendant's] pleading his case, Mr. Nisbet, more so than you pleading his case." We have already concluded that the probation officer's testimony at the revocation hearing gave the trial court a basis upon which to revoke probation. Defendant is not entitled to relief on this issue.

Defendant also argues that the trial court's imposition of Defendant's original sentence was too harsh. Under the statute that gives trial courts authority to revoke suspended sentences, trial courts have discretionary authority "to commence the execution of the judgment as originally entered." Tenn. Code Ann. § 40-35-311(e). Furthermore, in *State v. Hunter*, 1 S.W.3d 643 (Tenn. 1999), our supreme court held, "at the conclusion of a probation revocation hearing, a trial court can: (1) order incarceration; (2) cause execution of the judgment as it was originally entered; or (3) extend the remaining probationary period for a period not to exceed two years." *Id.* at 648.

In his brief, Defendant cites *Hunter* for the position that the trial court acted too harshly by ordering Defendant to serve his original sentences by incarceration. The court in *Hunter* stated as follows:

> Under the statute [Tenn. Code Ann. § 40-35-308(c)], the trial court has the option to extend the existing probationary period up to two additional years instead of imposing the original sentence. The Sentencing Commission Comments suggest that section 40-35-308(c) was designed to address situations where a defendant violates probation near the end of the probation term and reinstatement of the defendant's original sentence would produce too harsh a result.

*State v. Hunter*, 1 S.W.3d at 646-47.

Defendant argues that he complied with the conditions of his probation from August, 2001, until July, 2002, when he missed an appointment with his probation officer. We conclude that the harsh result that the court intended to prevent in *Hunter* is not present in this case. Defendant was not "near the end" of his probation term. *See id.* Defendant is not entitled to relief on this issue.

## CONCLUSION

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE